998 F.2d 1016
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frances K. CLARK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-3772.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 7, 1993.*
Decided July 28, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Frances Clark pled guilty to possessing cocaine with the intent to distribute in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, was convicted and sentenced to ninety-two months in prison. Clark appealed her sentence, contending that the district judge erred in enhancing her offense level for possession of weapons under U.S.S.G. § 2D1.1(b)(1). We upheld the enhancement in an unpublished order. United States v. Clark, No. 89-3297 (7th Cir.1990). Clark then moved to vacate her sentence under 28 U.S.C. § 2255, alleging that her lawyer rendered ineffective assistance because he failed to introduce exculpatory evidence he had in his possession and should have withdrawn from the case in order that he might testify as a witness on her behalf. The district judge summarily dismissed the motion under Rule 4(b) of the Rules Governing Section 2255 Proceedings on the ground that Clark forfeited her ineffectiveness claim by failing to raise it before the court on direct appeal. Clark appeals.
 
 
 2
 Assuming that the procedural default rule of Norris v. United States, 687 F.2d 899 (7th Cir.1982), poses no bar to Clark's presentation of her claim of ineffective assistance, Clark has failed to demonstrate that her lawyer's failure to withdraw from her case fell below the standard of reasonable professional conduct articulated in Strickland v. Washington, 466 U.S. 668 (1984). The information possessed by Clark's lawyer, that the affidavit submitted by Special Agent Daniel Layber in support of the search warrant for Clark's home contained false information, bore upon the existence of probable cause and not Clark's innocence of the crimes charged. Clark's lawyer contested the validity of the affidavit by moving to withdraw as counsel for purposes of being a witness for Clark and by moving to suppress the evidence seized pursuant to the search of Clark's home. A magistrate conducted an evidentiary hearing and both motions were denied. The magistrate stated that "[e]ven if [Layber's] statement[s] were false and were to be deleted from the affidavit, this court believes that the remainder of the affidavit still establishes probable cause for the warrant to issue," and the district judge agreed. The lawyer's performance satisfied the Strickland standard, Clark's section 2255 motion fails.
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record